UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SUSAN MATHIS,

    Plaintiff,

v.                      Case No. 8:19-cv-1550-T-33TGW

BOSTON SCIENTIFIC CORPORATION,

    Defendant.

_____/

**ORDER**

This matter is before the Court on consideration of Defendant Boston Scientific Corporation's Motion to Dismiss the Complaint (Doc. # 7), filed on July 24, 2019. Plaintiff Susan Mathis responded in opposition on August 7, 2019. (Doc. # 14). For the reasons that follow, the Motion is granted.

## I.  **Background**

On June 26, 2019, Mathis initiated this products liability action against Boston Scientific regarding Boston Scientific's allegedly defective Obtryx Transobturator Mid-Urethral Sling System. (Doc. # 1). The Complaint contains seven causes of action: (1) strict liability — failure to warn; (2) strict liability — manufacturing defect; (3) strict liability — design defect; (4) negligence; (5) fraud; (6)

negligent misrepresentation; and (7) fraud by concealment. (Id.).

Boston Scientific moves to dismiss the Complaint as a shotgun complaint and for failure to state various causes of action. (Doc. # 7). Mathis has responded (Doc. # 14), and the Motion is ripe for review.

## II. **Discussion**

Boston Scientific seeks dismissal on the grounds that the Complaint is an impermissible shotgun complaint and that the Complaint fails to state claims for relief for various causes of action. Because the Court agrees the Complaint is a shotgun pleading, the Court need only address this argument.

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014)(footnotes omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Boston Scientific argues the Complaint is a shotgun complaint because each cause of action incorporates all previous paragraphs, including the allegations under all previous causes of action. (Doc. # 7 at 3-4). Indeed, each cause of action incorporates all preceding paragraphs. (Doc. # 1 at 14, 16, 18, 20, 21, 23). This is impermissible. See Weiland, 792 F.3d at 1322 (identifying "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun complaint).

"Because the Complaint is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture." <u>Madak v. Nocco</u>, No. 8:18-cv-2665-T-33AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018); <u>see also</u> <u>Shaffer v. Bank of N.Y. Mellon & Shellpoint LLC</u>, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017)("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted.").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendant Boston Scientific Corporation's Motion to Dismiss the Complaint (Doc. # 7) is **GRANTED.**

(2)  The Complaint is **DISMISSED** as a shotgun complaint.

(3)  Mathis may file an amended complaint that is not a shotgun complaint by **August 26, 2019.** Failure to file an amended complaint by that date will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this
<u>12th</u> day of August, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE